

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

Thais R. Ridgeway
phone: 212-356-3586
fax: 212-356-2089
email: tridgew@law.nyc.gov
(not for service)

August 1, 2019

**BY ECF**

Honorable Jesse M. Furman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

           Re:   *Philip E. DeBlasio v. NYC Health + Hospitals, et al.,*
                 18-CV-8530 (JMF)

Dear Judge Furman:

        I am an Assistant Corporation Counsel in the Office of the Corporation Counsel recently assigned to represent the Defendants in the above-referenced matter. Pursuant to the Your Honor's Notice of Initial Pretrial Conference, dated June 28, 2019, I write to provide the following information in advance of the initial pretrial conference scheduled August 5, 2019. (Dkt. No. 27). This information largely reflects Defendants' position only. Because Plaintiff is incarcerated, and is proceeding *pro se*, I have been unable to confer with him in advance of my submission of this letter.

        (1)    **Nature of Action and Defenses** – Plaintiff, Philip E. DeBlasio, was in the custody of the New York City Department of Correction from August 6, 2018 through August 9, 2018. He alleges that during this period of time, he was not provided with medication for Hepatitis C. Plaintiff claims this three day lapse in treatment interrupted the 90 day treatment program already in place by staff at the facility. Additionally, Plaintiff alleges that this lapse in treatment "may or will" have adverse impact on his health and the resulting cost of treatment could cost tax-payers $100,000.

        Defendants assert that Plaintiff was being treated for chronic Hepatitis C while in the custody of the New York City Department of Correction. On August 6, 2018, Plaintiff arrived at the medical clinic at the Manhattan Detention Center for a routine follow-up appointment to discuss Hepatitis C treatment. At the appointment, Plaintiff was informed that he had completed the twelve-week treatment program which began on May 14, 2018 and concluded

that day (August 6, 2018).  Plaintiff requested additional medication be prescribed immediately. Upon being informed that his file would need to be reviewed prior to prescribing additional medication, Plaintiff became hostile towards clinic staff, including named Defendant Bessie Flores-Clemente, PA.  Due to Plaintiff's aggressive behavior, a de-escalation team was called to assist the medical staff.  During a routine follow-up appointment on August 29, 2018, an HCV RNA blood test confirmed Plaintiff's Hepatitis C was fully suppressed.  The course of treatment provided to Plaintiff demonstrates that Defendants did not act or fail to act with deliberate indifference to a substantial risk of serious harm to the Plaintiff.  *See Pabon v. Wright*, No. 99-CV-2196, 2004 U.S. Dist. LEXIS 5565, at *8 (S.D.N.Y. Mar. 29, 2004), *aff'd*, 459 F.3d 241 (2d Cir. 2006).

Plaintiff was provided appropriate medical treatment, and records will show that the treatment Plaintiff received was in fact effective.   Thus, Defendants have not violated any of Plaintiff's rights, privileges, or immunities under the Constitution.  Additionally, to the extent Plaintiff disagrees with the treatment provided, Plaintiff's allegations are insufficient to state a constitutional claim.  "The law is clear," however, that the course of treatment a doctor selects is "a medical judgment and does not rise to the level of deliberate indifference." *Hill v. City of New York*, No. 13-cv-8901, 2015 U.S. Dist. LEXIS 6197, at *12 (S.D.N.Y. Jan. 20, 2015) (*citing Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011).  Therefore, Defendants acted reasonably, proper, and lawfully in providing Plaintiff with his prescribed medication and routinely examined Plaintiff prior to, during, and after the period in question to effectively implement his treatment program. Further, all of the individually named defendants are immune from suit under the doctrine of qualified immunity.   Therefore, Plaintiff has failed to state a claim upon which relief can be granted.

(2)     **Jurisdiction and Venue** – Plaintiff purports to invoke this Court's jurisdiction based upon his residence and/or the incident occurrence location. (Dkt. No. 2)  Defendants do not dispute jurisdiction or venue.

(3)     **Existing Deadlines** No discovery schedule has been implemented in this action, however, Defendants have no objection to the Court's typical four month discovery timeline set forth in Your Honor's Individual Rules and Practices in Civil *Pro Se* Cases Section 5.

(4)     **Outstanding Motions –** There are currently no outstanding motions.

(5)     **Discovery –** Following the initial conference, Defendants will serve document requests, interrogatories, and notice Plaintiff for a deposition.

(6)     **Settlement Discussions** – The parties have not engaged in settlement discussions.

(7)     **Additional Issues for the Court's Consideration –** In the process of arranging the Initial Pretrial Telephone Conference, the undersigned was informed by Downstate Correctional Facility that Plaintiff had been transferred to Marcy Correctional Facility. Plaintiff's new mailing address is:  Philip E. DeBlasio, DIN #19-A-0070, Marcy Correctional Facility, 9000 Old River Road, Marcy, New York, 13403.

Thank you for your consideration of this matter.

Respectfully submitted,

/s/

Thais R. Ridgeway
Assistant Corporation Counsel

CC: **BY FIRST CLASS MAIL**
Philip E. DeBlasio
Plaintiff *Pro Se*
DIN No: 19-A-0070
Marcy Correctional Facility
9000 Old River Road
Marcy, New York 13403